GINA PAONESSA
98-1042 Moanalua Rd. #101
Aiea, HI 96701
808-450-4530
808-484-44566 Fax
islandlegalservices@yahoo.com

Debtor

FILED
U.S. BANKRUPTCY COURT
DISTRICT OF HAWAII

2016 MAY -2 A 9 59

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>GINA PAONESSA,<br><br>        Debtor. | CASE NO. 16-00416<br>(Chapter 13)<br><br>DEBTOR'S RESPONSE TO AOAO PEARL RIDGE GARDEN AND PEARL RIDGE TOWER'S OPPOSITION TO DEBTOR'S EX PARTE MOTION FOR EMERGENCY INJUNCTIVE RELIEF FOR VIOLATIONS OF THE AUTOMATIC STAY; AMENDED DECLARATION OF GINA PAONESSA; EXHIBITS "A" through "C."<br><br>HEARING<br>Date: May 2, 2016<br>Time: 2:00 p.m.<br>Judge: Honorable Robert J. Faris |

**DEBTOR'S RESPONSE TO AOAO PEARL RIDGE GARDEN AND PEARL RIDGE TOWER'S OPPOSITION TO DEBTOR'S EX PARTE MOTION FOR EMERGENCY INJUNCTIVE RELIEF FOR VIOLATIONS OF THE AUTOMATIC STAY**

1

COMES NOW DEBTOR GINA PAONESSA, ("Debtor"), Respectfully requests this Honorable Court Grant Debtor's Motion for Emergency for Injunctive Relief for Violation of the Automatic Stay ("Motion"), otherwise irreparable harm, great loss, and severe damage will result to Debtor. Whereas, if relief is granted, there will be no harm whatsoever to Association of Apartment Owners of the Pearl Ridge Gardens and Pearl Ridge Tower ("AOAO").

## **FACTS**

1. The AOAO <u>is not</u>, nor ever has been a "creditor" of Debtor.

2. Debtor <u>is not</u>, nor ever has been a "co-debtor" of her uncle Anthony Mark Albert ("Mark").

3. Debtor is named as a "co-defendant" along with Mark, and Paul Albert ("Paul"), in an unlawful Summary Possession Complaint in State District Court, Ewa division ("State Court") by AOAO, filed on March 7, 2016.

4. A similar case was filed against the same parties and the same property by AOAO, and was dismissed for lack of subject matter jurisdiction and lack of notice. It was concluded by the District Court Judge that Mark's title is in dispute, of which Debtor is not a party with AOAO. See Exhibit "A", Order.

5. Debtor filed a Motion to Set Aside Default Judgment on April 21, 2016, hearing was set for May 12, 2016. On April 22, 2016, Debtor filed for Chapter 13 bankruptcy protection with notice to the State Court and opposing counsel.

6. Debtor did not fail "to properly invoke 11 U.S. C. 362(l)(5)" on her Voluntary Petition, since Debtor has no landlord/tenant arrangement with AOAO.

2

## ARGUMENT

7. The facts, and the AOAO's opposition exposes their erroneous assumptions and/or conclusions which led to their wilful violation of the automatic stay. Mark's history of filings are not relevant in Debtor's case, since they relate to his foreclosure of his property, and the dispute of his title, held in severalty. Debtor's history of bankruptcy filing, e.g., on May 17, 2011, is not relevant, as she was living at 303A Wai Nani Way Honolulu, HI 96815 in Waikiki. She used her grandmother's address at 98-1042 Moanalua Rd #101, Aiea, HI 96701, as her permanent mailing address only. Debtor's history is instead proof that she has nothing to do with her uncle Mark's bankruptcy filings in his foreclosure and title dispute with AOAO. Therefore, no "pattern" or "course of conduct" by Debtor exists. See Exhibit B, Debtor's 2011 Voluntary Petition, p. 1.

8. The purpose of Debtor's filing is to protect her estate from damage and loss as a result of the illegal and unlawful eviction, and to allow her enough time to pack and properly remove her belongings. Debtor's purpose is not "to stop the eviction from proceeding," but to stay proceedings to allow her time to move out during the time allowed by the automatic stay while she is in Chapter 13, or converts to Chapter 7.

9. The "bad faith" citing, *In re Ortiz,* and *Ir re Thirteenth Place*, do not apply to Debtor, since Debtor was not "inhibiting or forestalling a foreclosure action on debtor's assets" by AOAO, since Debtor was never on title, nor a party to the foreclosure; nor is Debtor "attempting unreasonably to deter and harass creditors," since the AOAO is not Debtor's creditor; nor did Debtor file "only to defeat state court litigation," since Debtor filed bankruptcy 3 weeks after receiving a default judgment, and has no other litigation; nor has Debtor concealed assets or inflated expenses to manipulate the bankruptcy code (*In re Leavitt)*. Debtor wants only to protect her assets as afforded by the automatic stay.

3

10. The automatic stay exception, i.e., 11 U.S.C. §362(b)(22) <u>does not apply</u> to the instant case:

"**Information for Landlords and Debtor-Tenants of Residential Property**
Exception #1: **If** a judgment for possession of the property was obtain as a result of a **monetary default** (i.e., failure to pay rent) before the filing date. There is an automatic exception from the stay as to the continuation of any eviction **by a landlord** against a debtor involving residential property in which the debtor resides as a tenant, **if the landlord,** prior to the petition date, obtained a judgment for possession of the property." [Emphasis added].

11. The Debtor did not fail[ed] to properly invoke 11 U.S.C. §362(l)(5) because the AOAO is not Debtor's landlord. The Hawaii Supreme Court has held that "Summary possession only lies where there is or has been an admitted relationship of landlord and tenant. **It does not lie where the relationship is in dispute.**" <u>Kimball v. Lincoln</u>, 809 P.2d 1130 (1991). "The fact of possession in a summary proceeding is the principal question...but <u>no question of title can be litigated</u> in such proceeding...the relation of landlord and tenant is... only where it '<u>confessedly exists</u>.' This is an assertion of title, raised a question of title, and <u>ousted the district court of jurisdiction</u>. **The court below was correct in denying appellant a writ of summary possession.**"
<u>Harrison v. McCandless</u>, 22 Haw. 129, 130-31 (**1914**). [Emphasis added].

12. According to Hawaii law and case law over 100 years old, the AOAO cannot use Summary Possession or the District Courts for eviction in a title dispute matter. Despite this, a Judgment for Possession and Writ of Possession was issued on April 14, 2016 by the Ewa District Court. See Exhibit "C."

Moreover, the AOAO has not first obtained U.S. Bankruptcy Court approval to lift the automatic stay, prior to evicting Debtor, denying Debtor due process which Debtor is entitled.

4

Based on the above, and reasons set forth in the Amended Declaration of Gina Paonessa, Debtor respectfully requests that this Honorable Court grant Debtor's Motion for Emergency Injunctive Relief for Violations of the Automatic Stay.

DATED: Honolulu, Hawaii, May 2, 2016.

_____
GINA LEE PAONESSA

5

# AMENDED DECLARATION OF GINA PAONESSA

I, GINA PAONESSA, hereby DECLARE:

1. I am a Debtor in bankruptcy case number 16-00416. I am amending my declaration for further clarification and update.

2. I have lived at 98-1042 Moanalua Rd Unit #2-101, Aiea, HI 96701 off and on since 1992. In 2011, I moved in permanently to care for my disabled grandmother, Eleanor Lee Albert, who passed away September 2014.

3. I was named a Defendant in an unlawful Summary Possession Complaint filed on March 7, 2016 by the Association of Apartment Owners ("AOAO") of the Pearl Ridge Gardens and Pearl Ridge Tower, and its Board of Directors.

4. My uncle, Anthony Mark Albert ("Mark") is the rightful owner, of the Pearl Ridge Gardens and Pearl Ridge Tower Unit 2-101 where my uncle Paul Albert ("Paul") a disabled Navy veteran, also lived until 2011.

5. My uncle Mark has been in a title dispute and relentless foreclosure action of his unit by the AOAO, before I moved in, and after for the reasons in the attached Declaration of Paul. See Exhibit "A."

6. The AOAO filed a Summary Possession Complaint in Ewa District Court on March 7, 2016, Case No. 1RC16-1-1962. However, **the AOAO is not my landlord, and as a caregiver for a family member, I am not required to have a lease**, as if I were a renter. See Exhibit "B."

1

7. I could not attend the trial held on April 7, 2016, a continuance was denied, and I received a default judgment. A Motion for Reconsideration or New Trial was received by the Ewa District Court on April 18, 2016.

8. On that day, April 18, 2016 I was served with a Writ of Possession and Judgment for Possession by Process Server Cecilia Nakahira ("process server"). The process server said that she would be back on April 25, 2016 to change the locks.

8. On April 21, 2016, I filed a Motion in Ewa District Court to Set Aside Default Judgment with hearing on May 12, 2016. A Stay of Execution of Writ of Possession and Judgment for Possession pending the hearing of our Motion for Reconsideration or New Trial, but it was denied. See Exhibit "C."

9. My concern was that my grandmother's personal belongings and property remain in the unit, over $500,000.00 in value, worth more than my uncle Mark's condo. It is also very fragile, e.g., *Christian Dior* and *Cartier la Maison de l'art Deco* dishes, *Bavarian* crystal and Chinese porcelain vase collection, art collection, my great-grandmother's china, etc., which are irreplaceable and cannot be carefully packed in but a few days.

10. I was compelled to file bankruptcy on April 22, 2016 to stay the eviction action against me, to allow me time to properly pack and move out, in order to safely protect the property my grandmother left me; and, of which I am an heir and share ownership.

11. A copy of my bankruptcy filing on April 22, 2016 was mailed the same day as filed to the AOAO's law firm, Porter McGuire Kiakona Chow LLP ("Kiakona"). On Monday morning, April 25, 2016 a Notice of my bankruptcy filing was filed in Ewa District Court and hand delivered to Kiakona. The Certificate of Service was filed in case No. 16-00416, and mailed. See Exhibit "D."

2

12. I was told by my uncle Paul, that shortly after he filed the Notice of my bankruptcy filing at State Court, he called the process server as he was hand delivering a copy to the Kiakona Law firm. The process server called him back saying **the Kiakona law firm instructed her to proceed with the eviction and change the locks, <u>in violation of the automatic stay</u>**, because Kiakona did not believe that my filing was credible.

13. I am aware that my uncle Mark has been in and out of foreclosure since December 2008, being in custody since January 2008, and found it necessary to file bankruptcies to stop a mortgage foreclosure on his unit, until he was able to modify his loan. His most recent bankruptcy case, 16-00362 was dismissed on April 21, 2016. HIs purpose was to protect the title to his real property, the unit where I am living.

14. However, my purpose for filing bankruptcy is for an entirely different reason than my uncle Mark's. I am not a co-debtor nor a co-owner in his foreclosure and title dispute. As part of my estate, my property requires adequate protection under 11 USC §362, to avoid being **locked out and abandoned** against my will.

15. I filed bankruptcy to protect my estate, which includes my rightful share of my grandmother's property located on the premises, some of which my family is planning to sell which will pay my debts, as well my own personal belongings.

14. The Motion for Reconsideration or New Trial based on Rule 12.1 of the District Court of Civil Procedure is pending, and my uncle Paul's Stay of Execution of Writ of Possession and Judgment for Possession is denied.

15. On April 25, 2016, the day I was told the locks would be changed, a West Oahu garbage truck was parked a few feet from my unit window next to 2 empty dumpsters. The 2 driver's sat in the hot sun for over 4 hours, occasionally turning the engine for AC. I have witnessed entire contents of units being thrown into the dumpster in the past.

3

16. It was only after the sheriff told my uncle Paul she was not going to change the locks at 5:00 pm, but would come back the next day, April 26, 2016, did the garbage truck leave.

17. This alarmed and upset me greatly. The head of security for the AOAO, Robert Chun has harassed me ever since 2011, constantly threatening to have me trespassed unless I could show him a copy of a lease, and interfered with my services as a caregiver of my grandmother in the common areas, such as the laundry room and parking lot, and right to peaceful enjoyment.

18. If Robert Chun or any other agent of AOAO obtains a key from the locksmith, or sheriff, or somehow enters my unit after I am locked out, and discards my furnishings and fragile valuables, I will suffer great loss. Therefore, I cannot leave behind irreplaceable assets of my estate. For this reason, I am requesting the automatic stay be enforced to allow me sufficient time to move out to protect the property of my estate.

19. On April 26, 2016, on my way out to file my Exparte Motion for Emergency Injunctive Relief, the process server returned with Anong's Locksmith, who changed my locks, after both were shown or given a copy of my Bankruptcy Petition. I am concerned about security or locking myself out while moving items to storage. I am greatly distressed over this.

20. Before leaving to the bankruptcy court, on April 26, 2016, I was informed that the process server warned that if didn't change my tone and calm down, she would call HPD. I would be trespassed, forcing me to leave behind my valuable assets to be trashed or stolen. I was informed on April 30, 2016, that the process server will return May 3, 2016 to lock the door.

4

21.  I am requesting this Honorable Court to enforce the automatic stay, other wise I will be prejudiced and suffer great loss, immediate and irreparable harm, and severe damages to me as a Debtor.  There is absolutely no harm to the AOAO to allow me sufficient time to pack and move, as they are not one of my creditors, and I do not owe them any money.

I, GINA PAONESSA HEREBY DECLARE UNDER PENALTY OF LAW THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE

*[signature]*
GINA PAONESSA

GARY VICTOR DUBIN 3181
FREDERICK J. ARENSMEYER 8471
DANIEL J. O'MEARA 9890
Dubin Law Offices
Harbor Court, Suite 3100
55 Merchant Street
Honolulu, Hawaii 96813
Telephone: (808) 537-2300
Facsimile: (808) 523-7733
Email: gdubin@dubinlaw.net
Email: farensmeyer@dubinlaw.net
Email: domeara@dubinlaw.net

Attorneys for Defendants
Anthony Mark Albert
Gina Paonessa and Paul Albert

FILED
DISTRICT COURT OF
THE FIRST CIRCUIT

2015 MAR 17 P 4:10

LEGAL DOCUMENTS
CLERK_____V. EVANS_____

IN THE DISTRICT COURT OF THE FIRST CIRCUIT

EWA DIVISION*

STATE OF HAWAII

| | |
|---|---|
| ASSOCIATION OF APARTMENT OWNERS OF THE PEARL RIDGE GARDENS AND PEARL RIDGE TOWER, by and through its Board of Directors,<br><br>Plaintiff,<br><br>vs.<br><br>ANTHONY MARK ALBERT; GINA PAONESSA and PAUL ALBERT,<br><br>Defendants. | CIVIL NO. 1RC14-1-9694<br><br>ORDER GRANTING DEFENDANTS ANTHONY MARK ALBERT, GINA PAONESSA, AND PAUL ALBERT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND LACK OF NOTICE<br><br>HEARING<br>Date: February 9, 2015<br>Time: 8:30<br>Judge: Honorable Michael K. Tanigawa<br><br>*Transferred to Honolulu Division |

**ORDER GRANTING DEFENDANTS ANTHONY MARK ALBERT, GINA PAONESSA, AND PAUL ALBERT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER <u>JURISDICTION AND LACK OF NOTICE</u>**

"A"

Defendants Anthony Mark Albert, Gina Paonessa, And Paul Albert's *Motion To Dismiss For Lack Of Subject Matter Jurisdiction And Lack Of Notice* came on for hearing on February 9, 2015 before the Honorable Michael K. Tanigawa. Kapono F.H. Kiakona appeared on behalf of the Plaintiff, , and Daniel J. O'Meara appeared on behalf of the Defendants.

The Court, having reviewed the written submissions of the parties, having reviewed the records and files herein, and having heard the oral arguments of counsel, hereby concludes that title to the subject real property located at 98-1042 Moanalua Road, Unit 101, Aiea, Hawaii 96701 is in dispute. This Court therefore lacks subject matter jurisdiction over this summary possession action pursuant to Section 604-5(d) of the Hawaii Revised Statutes.

THEREFORE, Defendants' aforementioned motion is hereby GRANTED and this action is DISMISSED, without prejudice.

DATED: MAR 1 7 2015

MICHAEL K. TANIGAWA (SEAL)
HONORABLE MICHAEL K. TANIGAWA
Judge Of The Above-Entitled Court

Approved as to form:

KAPONO F.H. KIAKONA
JENNIFER M. PORTER
Attorneys for Plaintiff

2

B1 (Official Form 1) (4/10)

# UNITED STATES BANKRUPTCY COURT
## District of Hawaii

**VOLUNTARY PETITION**

| Name of Debtor (if individual, enter Last, First, Middle): <br> **PAONESSA, GINA, LEE** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): <br> 9140 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State): <br> 303A WAI NANI WAY <br> HONOLULU, HI <br> ZIP CODE 96815 | Street Address of Joint Debtor (No. and Street, City, and State): <br> **11-01386** <br> ZIP CODE |
| County of Residence or of the Principal Place of Business: <br> HONOLULU | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address): <br> 98-1042 MOANALUA RD. #101 <br> AIEA, HI <br> ZIP CODE 96701 | Mailing Address of Joint Debtor (if different from street address): <br> ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above): <br> 303A WAI NANI WAY, HONOLULU, HI 96815 <br> ZIP CODE | |

**Type of Debtor** (Form of Organization) (Check one box.)
- ☑ Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*
- ☐ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business** (Check one box.)
- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☐ Other

**Tax-Exempt Entity** (Check box, if applicable.)
- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box.)
- ☐ Chapter 7
- ☐ Chapter 9
- ☐ Chapter 11
- ☐ Chapter 12
- ☑ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts** (Check one box.)
- ☑ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- ☐ Debts are primarily business debts.

**Filing Fee** (Check one box.)
- ☐ Full Filing Fee attached.
- ☑ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
Check one box:
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 *(amount subject to adjustment on 4/01/13 and every three years thereafter)*.

Check all applicable boxes:
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**
- ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☑ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

**Estimated Number of Creditors**
| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

**Estimated Assets**
| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

**Estimated Liabilities**
| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

THIS SPACE IS FOR COURT USE ONLY

FILED
2011 MAY 17 P 1:19
MICHAEL B. DOWLING
CLERK OF COURT
U.S. BANKRUPTCY COURT
DISTRICT OF HAWAII

U.S. Bankruptcy Court - Hawaii #11-01386 Dkt # 3 Filed 05/17/11 Page 1 of 6
U.S. Bankruptcy Court - Hawaii #16-00416 Dkt # 16 Filed 05/02/16 Page 13 of 15

"B"

| | |
|---|---|
| IN THE DISTRICT COURT OF THE FIRST CIRCUIT<br>'EWA ☒ DIVISION<br>STATE OF HAWAI'I | FILED<br>DISTRICT COURT OF<br>THE FIRST CIRCUIT<br>2016 APR 14 A 10:18<br>LEGAL DOCUMENTS<br>CLERK J. HAUSLER |

**Plaintiff(s)**

ASSOCIATION OF APARTMENT OWNERS OF THE PEARL RIDGE GARDENS AND PEARL RIDGE TOWER, by and through its Board of Directors

Reserved for Court Use

Civil No. **1RC16-1-1962**

**Defendant(s)**

ANTHONY MARK ALBERT; GINA PAONESSA; PAUL ALBERT; AND OCCUPANTS

Filing Party/Attorney Name, Attorney Name (if applicable), Address, Telephone and Fax Numbers

Porter McGuire Kiakona & Chow, LLP
Kapono F.H. Kiakona 7691-9
841 Bishop Street, Suite 1500, Honolulu, HI 96813
Telephone: (808) 539-1100
Fax: (808) 539-1189

**Premises Address:**

98-1042 Moanalua Road, Apt. 2-101, Aiea, Hawaii 96701
TMK No. (1) 9-8-039-003 CPR No. 0019

**Court Date Writ Was Ordered:**

April 7, 2016

**Effective Date of Writ of Possession:**

Forthwith

## JUDGMENT FOR POSSESSION
### AS TO DEFENDANTS GINA PAONESSA AND PAUL ALBERT

This cause having come before the Court on the Court Date above and proof having been shown to the satisfaction of the Court that Defendant continues to occupy the subject premises, Plaintiff is entitled to the possession of the subject premises;

IT IS ORDERED, ADJUDGED, AND DECREED that Judgment for Possession for Plaintiff is entered as follows:

1. Plaintiff is entitled to possession of the premises listed above. with respect to Defendants GINA PAONESSA and PAUL ALBERT
2. A WRIT OF POSSESSION against ~~Defendant~~ Defendants GINA PAONESSA and PAUL ALBERT shall be issued upon presentation by Plaintiff to the Court in accordance with Hawai'i Revised Statutes § 666-11, and said Writ shall be effective as of the Effective Date for Writ of Possession specified above.

Date: **APR 1 4 2016**

Judge **MELANIE MAY** (SEAL)

In accordance with state and federal disability laws, if you require an accommodation for a disability, when working with a court program, service, or activity please contact the District Court Administration Office at PHONE NO. 538-5121, FAX 538-5233, or TTY 539-4853 at least ten (10) working days before your proceeding, hearing, or appointment date.

**For all Civil related matters, please call 538-5151 or visit the District Court Service Center at 1111 Alakea Street, Third (3rd) Floor.**

I certify that this is a full, true and correct copy of the original on file in this office.

_____
Clerk, District Court of the above Circuit, State of Hawai'i

CommonLook®
508 Certified
(Rev. 31 May 2006)
10-P-797

Page 1 of 1

Judgment for Possession
Form#1DC35
Reprographics (1/07)

U.S. Bankruptcy Court - Hawaii  #16-00416  Dkt # 16  Filed 05/02/16  Page 14 of 15

7235961 CCU

WRIT OF POSSESSION AS TO DEFENDANTS GINA PAONESSA AND PAUL ALBERT

FILED
DISTRICT COURT OF
THE FIRST CIRCUIT

2016 APR 14 A 10:19

LEGAL DOCUMENTS
J. HAUSLER
CLERK

| IN THE DISTRICT COURT OF THE FIRST CIRCUIT<br>‘EWA ☒ DIVISION<br>STATE OF HAWAI‘I | |
|---|---|
| **Plaintiff(s)**<br>ASSOCIATION OF APARTMENT OWNERS OF THE PEARL RIDGE GARDENS AND PEARL RIDGE TOWER, by and through its Board of Directors | Reserved for Court Use<br><br>Civil No. **1RC16-1-1962** |
| **Defendant(s)**<br>ANTHONY MARK ALBERT; GINA PAONESSA; PAUL ALBERT; AND OCCUPANTS | Filing Party/Attorney Name, Attorney Name (if applicable), Address, Telephone and Fax Numbers<br><br>Porter McGuire Kiakona & Chow, LLP<br>Kapono F.H. Kiakona 7691-9<br>841 Bishop Street, Suite 1500, Honolulu, HI 96813<br>Telephone: (808) 539-1100<br>Fax: (808) 539-1189 |
| Premises Address:<br>98-1042 Moanalua Road, Apt. 2-101, Aiea, Hawaii 96701<br>TMK No. (1) 9-8-039-003 CPR No. 0019 | Court Date Writ Was Issued:<br>April 7, 2016 |
| | Effective Date of Writ of Possession:<br>Forthwith |

**WRIT OF POSSESSION**
**AS TO DEFENDANTS GINA PAONESSA AND PAUL ALBERT**

**THE STATE OF HAWAI‘I:**

TO: The Director of Public Safety of the State of Hawai‘i, his/her deputy or any police officer or other person authorized by the laws of the State of Hawai‘i.

Plaintiff appeared on the Court Date above and obtained a Judgment For Summary Possession against ~~Defendant~~ **Defendants GINA PAONESSA and PAUL ALBERT**, under the provisions of Hawai‘i Revised Statutes §666-11, for the possession of the premises located at the address specified above.

NOW, YOU ARE COMMANDED TO REMOVE Defendant(s) **GINA PAONESSA and PAUL ALBERT** and all persons holding under or through him/her/them from the premises, including his/her/their personal belongings and properties, and to put Plaintiff(s) in full possession of the premises; and file the Writ with the completed execution information within 180 days from the date of this Writ, unless extended by order of this Court.

Date: APR 14 2016   Judge MELANIE MAY   (SEAL)

SEE PAGE 2 FOR EXECUTION INFORMATION

I certify that this is a full, true and correct copy of the original on file in this office.

Clerk, District Court of the above Circuit, State of Hawai‘i

(Rev. 31 May 2006)
1D-P-805
Page 1 of 2
Writ of Possession
Form#1DC54
Reprographics (2/07)

U.S. Bankruptcy Court - Hawaii  #16-00416  Dkt # 16  Filed 05/02/16  Page 15 of 15